**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kyu Sang NAM, Defendant–Appellant.**

**No. 00–10106.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2001.[1]

Decided Jan. 17, 2001.

Fed. R.App. P. 34(a)(2).

Before SNEED, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM [2]

Defendant Kyu Sang Nam appeals from the denial of his motion to suppress. We affirm.

Nam first contends that the pouch filled with cash should be suppressed because Officer Paulino seized it without probable cause. The district court found that Nam consented to the search of his car, during which Paulino found the cash. This finding is not clearly erroneous, as Nam did not present any evidence contradicting Paulino's testimony that Nam replied, "go ahead, sure," when Paulino asked permission to search the vehicle for drugs and weapons.

Nam argues that, because he explicitly consented only to a search for drugs and weapons, Paulino was not entitled to seize the pouch of cash. This argument is unpersuasive. "Because [Nam] gave consent to search the [automobile], he had no reasonable expectation of privacy in any of its contents...." *United States v. Mines,* 883 F.2d 801, 804 (9th Cir.1989) (emphasis added). Furthermore, Nam never objected to Paulino's seizure of the cash or asked Paulino to stop searching. "His failure to do so indicates he consented to the entire search and everything it revealed." *Id.* at 804–05 (citing *United States v. Rubio,* 727 F.2d 786, 797 (9th Cir.1983) (by allowing search "without protest" after having given at least partial consent to search, the defendant "revoked" any prior qualification of the scope of consent)).

Because the search of the car was valid, Paulino was entitled to seize the cash under the plain view doctrine. We have held that a "large sum of cash found in [an] automobile evidence[s] purchases or sales incident to the distribution" of drugs. *United States v. Soyland,* 3 F.3d 1312, 1315 (9th Cir.1993); *see also United States v. Bernal,* 719 F.2d 1475, 1478 (9th Cir. 1983) (stating that large amounts of unex-

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

plained cash are probative of intent and state of mind to distribute narcotics).

Nam also contends that the drugs found during the pat-down should have been suppressed because the frisk was not supported by reasonable suspicion. "When the police ... have a reasonable suspicion that a suspect is armed, a *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),] pat down for weapons is permissible." *United States v. $109,179 in United States Currency*, 228 F.3d 1080, 1086 (9th Cir.2000). " 'The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' " *Id.* (quoting *Terry*, 392 U.S. at 27).

This case is distinguishable from *United States v. Thomas*, 863 F.2d 622 (9th Cir. 1988), upon which Nam relies. The *Thomas* court held that a frisk was not supported by reasonable suspicion. But in Thomas, "Thomas got out of his car without being asked to do so.... Thomas responded to the [officer's] first question with a plausible explanation and properly identified himself." *Id.* at 628–29 (internal quotation marks omitted). Here, in contrast, Nam made furtive movements within the car, did not get out of his car immediately after Paulino ordered him to, had no identification, had large amounts of unexplained cash, and gave Paulino implausible answers to questions. Paulino's suspicion that Nam was involved in dealing narcotics, then, provided the basis for the frisk.

AFFIRMED.